# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dylan Alexander Domino, | Civ. No. 20-2583 (ECT/BRT) |
| Petitioner, | |
| v. | |
| William P. Barr, United States Attorney General, and Stephen T. Mnuchin, Secretary of the Treasury, Acting on behalf of the United States (in their non-sovereign, Commercial Capacity), | **REPORT AND RECOMMENDATION** |
| Respondents. | |

BECKY R. THORSON, United States Magistrate Judge.

Petitioner Dylan Alexander Domino asks this Court to enforce what he purports to be a supposed arbitration award that confers upon him diplomatic immunity, expungement of all criminal records, and $100 million paid from the public treasury. Domino is a prisoner; this action is therefore subject to 28 U.S.C. § 1915A(b), which provides that –

> [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A(b).

Domino's theory of recovery is complicated when examined in detail, but relatively straightforward in broad strokes. Domino alleges that the issuance of a birth certificate amounts, in effect, to an implied contract between the subject of the birth certificate and the federal government. That implied contract—as implemented through the Uniform Commercial Code, the Federal Arbitration Act, and other written law—includes a mandatory arbitration provision, with decisions of the appointed arbitrator binding upon all parties to the contract. Domino, believing the government to be in violation of the implied contract, appointed Brett "Eeon" Jones as arbitrator of the dispute. Jones, in turn, notified the government of the supposed breach and afforded the government an opportunity to respond to the allegations. When the government demurred, Jones entered an arbitration award conferring immunity from criminal prosecution and a substantial monetary award upon Domino.[1] Now, Domino asks that this Court enforce the arbitration agreement drafted by Jones.

---

[1] This is not the first federal litigation in which an arbitration agreement drafted by Jones, or an entity associated with Jones, has been put into dispute. *See, e.g.*, *Eeon Found. v. Google, Inc.*, No. 20-CV-1317-SBA, 2020 WL 3433128 (N.D. Cal. June 23, 2020) (dismissing action brought by Jones to enforce arbitration agreement drafted by Jones for lack of subject-matter jurisdiction); *Satcomm v. PayPal*, No. 5:19-mc-10-MTT, 2020 WL 1609503, at *2 n.1 (M.D. Ga. Apr. 1, 2020) (finding that entity associated with Jones "appears to make money by selling unwitting consumers fraudulent legal documents and also attempting—so far, unsuccessfully—to dupe a court into confirming one of its awards" (quotation omitted)); *PennyMac Loan Servs., LLC v. Sitcomm Arbitration Ass'n*, No. 2:19-CV-193-KS-MTP, 2020 WL 1469458 (S.D. Miss. Mar. 26, 2020) (denying Jones's motion to intervene in litigation concerning arbitration agreement).

Under § 1915A(b)(1), the Court may dismiss a civil action filed by a prisoner if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Essential to Domino's claim is the existence of an implied contract between him and the federal government (with the named Defendants acting as agents of the government). It is this alleged implied contract from which springs the putative arbitration obligation of the federal government. Without the implied contract, then, the government is not subject to arbitration; if the government is not subject to arbitration, then the putative arbitration has no force over the parties; and if the putative arbitration agreement has no force over the parties, then Domino may not petition the Court to enforce that agreement.

The implied contract at the heart of this litigation has not been plausibly alleged. Domino's convoluted legal theory of an implied commercial contract between him and the federal government, effectuated through his birth certificate, is frivolous. As pled, neither the petition for enforcement of the arbitration award nor the arbitration award itself provides any plausible reason for believing that the former Attorney General or Secretary of the Treasury ever entered into a contract, implied or otherwise, on behalf of the federal government with Domino. Nor do any of the documents plausibly explain how Domino's birth certificate would effectuate such a contract. Only plausible allegations are entitled to the presumption of truth, *Twombly*, 550 U.S. at 570; Domino's contractual claims are not plausible. And as explained above, Domino's claim cannot survive absent plausible allegations regarding the existence of a valid contract.

Because Domino has failed to state a claim on which relief may be granted, it is recommended that this matter be dismissed pursuant to § 1915A. Should the recommendation be adopted, the dismissal will constitute a "strike" under 28 U.S.C. § 1915(g). Domino will owe the remainder not yet paid of the $350.00 filing fee, which will be due in installments over time. Officials at the jail where Domino is now detained will be apprised of their obligation to deduct funds from Domino's jail trust account and remit those funds to the Court in satisfaction of the filing fee consistent with § 1915(b).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

2. The applications to proceed *in forma pauperis* of plaintiff Dylan Alexander Domino (Doc. Nos. 4 & 5) be **DENIED**.

3. Domino must pay the unpaid balance ($314.95) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Domino is confined.

Dated: February 8, 2021          _s/ Becky R. Thorson_____
                                 BECKY R. THORSON
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).