UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Dylan Alexander Domino, | File No. 20-cv-2583 (ECT/BRT) |
| Petitioner, | |
| v. | |
| Merrick B. Garland, United States Attorney General, and Janet Yellen, Secretary of the Treasury, Acting on behalf of the United States (in their non-sovereign, Commercial Capacity), | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Respondents.[1] | |

---

This case is before the Court on a Report and Recommendation ("R&R") [ECF No. 8] issued by Magistrate Judge Becky R. Thorson. Magistrate Judge Thorson recommends dismissing this action pursuant to 28 U.S.C. § 1915A and denying Petitioner Dylan Alexander Domino's application to proceed in forma pauperis. R&R at 5. Domino filed objections to the Report and Recommendation. ECF Nos. 9, 12. Because Domino has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Magistrate Judge Thorson's analysis and conclusions are correct.

---

[1] United States Attorney General Merrick B. Garland is substituted for the former Attorney General William P. Barr and Secretary of the Treasury Janet Yellen is substituted for the former Secretary Stephen T. Mnuchin, because a "[public] officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

One matter deserves additional comment. Domino was released from custody after Magistrate Judge Thorson issued her R&R. *See* ECF No. 11. Nonetheless, § 1915A still applies to Domino's petition because he was incarcerated at the Anoka County Jail when he filed it.[2] *See* ECF No. 1; *see also Olivas v. Nev. ex rel. Dep't of Corrs.*, 856 F.3d 1281, 1282 (9th Cir. 2017) (holding § 1915A "applies only to claims brought by individuals incarcerated at the time they file their complaints"); *Kane v. Lancaster Cnty. Dep't of Corrs.*, 960 F. Supp. 219, 220 (D. Neb. 1997); *Spurlock v. Jones*, No. 17-cv-277, 2017 WL 6722860, at *1 n.1 (W.D. La. Dec. 28, 2017); *Michalski v. Krebs*, Civil No. 09-492-GPM, 2010 WL 1032647, at *1 (S.D. Ill. Mar. 17, 2010). Additionally, although Domino is no longer a prisoner, he will be required to pay the outstanding amount of the filing fee under 28 U.S.C. § 1915(b) because he was a prisoner when he brought this action. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (stating that even if a prisoner's petition is dismissed, he is not relieved of his obligation to pay the full filing fee "because the [Prison Litigation Reform Act ("PLRA")] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action[.]"); *McFee*, 2012 WL 514708, at *1 n.1, 3 n.5 (concluding plaintiff, who was incarcerated when complaint was filed and then released, remained liable for remainder of filing fee after pre-service dismissal, noting "[n]othing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate

---

[2]   Even if Domino's petition were not subject to screening under § 1915A, it would be subject to review under 28 U.S.C. § 1915(e) and dismissed under that provision for the same reasons described in the R&R. *See McFee v. Minn.*, No. 11-cv-3614 (SRN/LIB), 2012 WL 514708, at *1 n.2 & 3 (D. Minn. Jan. 24, 2012), *report and recommendation adopted*, 2012 WL 512611 (D. Minn. Feb. 15, 2012); *Hayes v. U.S. Dep't of Justice*, No. 11-cv-462 (MJD/JSM), 2011 WL 2938100, at *2 n.2 (D. Minn. June 15, 2011), *report and recommendation adopted*, 2011 WL 2936404 (D. Minn. July 18, 2011).

obligation to pay the filing fee"); *Hayes*, 2011 WL 2938100, at *4 n.3 (same).[3]  Likewise, the dismissal of this action will be counted as a "strike" under the PLRA because Domino "brought" this action "while incarcerated or detained[.]"  28 U.S.C. § 1915(g); *see Harris v. Garner*, 216 F.3d 970, 975 (11th Cir. 2000) (explaining that "bringing" an action in the context of § 1915(g) means "the filing of a suit . . . , not its continuation"); *Harris v. City of New York*, 607 F.3d 18, 21–22 (2d Cir. 2010) (same).

Domino also has filed a number of motions in anticipation that his lawsuit will move forward.  ECF No. 10.  Domino's motion to substitute Respondents with their successors

---

[3]  There is disagreement among the circuit courts of appeals as to whether the PLRA's filing fee requirement applies to a plaintiff who was a prisoner at the time he filed an action or appeal but has since been released.  *See Carson v. Tulsa Police Dep't*, 266 Fed. App'x 763, 766–67 (10th Cir. 2008) (describing split in authority).  The Fifth, Seventh, and D.C. Circuits have held, relying on the plain language of § 1915(b)(1), that a complainant must pay the full amount of the filing fee if he was a prisoner when he commenced the action or appeal.  *Id.* at 766 (collecting cases).  On the other hand, the Second, Fourth, and Sixth Circuits have held that, under the PLRA, "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated" and that "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status."  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1139 (6th Cir. 1997); *see also DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) (stating "[a] released prisoner should not have to shoulder a more difficult financial burden than the average indigent plaintiff in order to continue his lawsuit" such that he "become[s] instantly liable for the remaining filing fee balance simply because [he] ha[s] been released"); *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29–30 (2d Cir. 1996) (reasoning that "the detailed mechanism [Congress] created for implementing this obligation by debiting prison accounts demonstrates that Congress expected [§ 1915(b)] to apply to a prisoner who remains incarcerated").  In *Carson*, the Tenth Circuit declined to decide the issue, reasoning that the appellant would owe the filing fee even if § 1915(b)(1) did not apply because his claims were frivolous and therefore his request to proceed in forma pauperis would be denied.  266 Fed. App'x at 767.  It does not appear that the Eighth Circuit has expressly addressed this issue, but its holding in *Tyler* that the fee obligation imposed by § 1915(b)(1) is triggered at the time the action is filed and persists after dismissal of an action is consistent with the conclusion that a complainant who filed an action when he was a prisoner remains liable for the filing fee if he is subsequently released from custody.

is superfluous because substitution is automatic pursuant to Federal Rule of Civil Procedure 25(d).  *See supra* note 1.  Domino's remaining motions pertaining to service and modification of case type will be denied in light of the dismissal of this action.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Petitioner Dylan Alexander Domino's Objections to the Report and Recommendation [ECF Nos. 9, 12] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 8] is **ACCEPTED**;

3. Petitioner Dylan Alexander Domino's Motion to Substitute Respondents [ECF No. 10] is **GRANTED** and his Motions for Extension of Time on Serving Respondents, to Appoint U.S. Marshal to Serve Respondents, and to Modify Case Type into Miscellaneous Filing [ECF No. 10] are **DENIED**;

4. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915A;

5. Petitioner Dylan Alexander Domino's Applications to Proceed in District Court Without Prepaying Fees or Costs [ECF Nos. 4, 5] are **DENIED**;

6. Petitioner must pay the unpaid balance of the court filing fee, $314.95, in accordance with 28 U.S.C. § 1915(b)(2)[4]; and

---

[4]   As a practical matter, because Domino is no longer a prisoner as defined in 28 U.S.C. § 1915(h), the fee payment provisions of § 1915(b)(2) cannot be implemented at this time.  Should Domino be a prisoner in the future, § 1915(b)(2) might then become applicable.

7. The dismissal of this action shall be counted as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 1, 2021                s/ Eric C. Tostrud
                                                  Eric C. Tostrud
                                                  United States District Court